IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILIP C.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:20-cv-00422 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By:  Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Philip C. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 15, 19), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 3, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 22.) Plaintiff filed objections on August 3, 2021. (Dkt. No. 23.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1]  Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 4–8.)  Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of mild lumbar spine degenerative disc disease, osteoporosis, knee osteoarthritis, and strabismic exotropia of the right eye.  (Tr. 13.)  After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform light work, with occasional climbing, stooping, kneeling, crouching, crawling, or overhead reaching.  The ALJ also determined that plaintiff should avoid concentrated exposure to hazards, such as moving machinery or heights; needs work involving no peripheral activity to the right; and needs work that does not involve reading fine print.

Based on this RFC finding and the testimony of a vocational expert, the ALJ concluded that plaintiff could not return to his past relevant work as a long-haul truck driver but that he could perform other work in the national economy such as laundry worker or housekeeper.  Thus, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

## II.  DISCUSSION

**A.  Standard of Review**

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019).  Specifically, "[a] district court's primary function in reviewing an administrative finding of no

disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

## B. Philip C.'s Objections to the R&R

Plaintiff argues that the ALJ failed to properly account for his overall vision limitations. Plaintiff has congenital vision loss in his right eye, and the ALJ recognized that this was a severe impairment. Plaintiff contends that his left eye vision impairment is also a severe impairment that requires additional RFC accommodations. The R&R noted that plaintiff did not testify to any difficulty with the vision in his left eye. (Tr. 36–59.) Plaintiff objects because he testified that he needed large print to read, even when using the left eye. (Tr. 52.) Plaintiff argues that an inability to read normal print would add a significant limitation to the ALJ's RFC, but plaintiff fails to connect such a limitation to the inability to perform work as a housekeeper or laundry worker. In any event, as the magistrate judge explained, plaintiff's treatment records include few

3

references to his left eye, and substantial evidence supports the ALJ's finding that the alleged impairment does not warrant additional accommodations.

Regarding his right eye, plaintiff argues that the ALJ's limitation of avoiding concentrated exposure to hazards and no peripheral activity to the right is insufficient. Plaintiff points out that the state agency physicians opined that plaintiff is limited in all areas related to the right eye, including near acuity, far acuity, depth perception, accommodation, color vision, and field of vision. (Tr. 138, 152.) This, according to plaintiff, suggests limitations in all visual activity involving the right eye, not just peripheral activities. But, as stated in the R&R, the ALJ adopted all the vision accommodations identified by the state agency physicians, and no physician recommended more restrictive accommodations than those in the RFC. And as with the left eye impairment, plaintiff fails to connect further restrictions based on the right eye impairment with the inability to perform the jobs identified by the vocational expert.

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 22) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 23) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 15) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 19) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 17, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge